EFFRON, Chief Judge
(concurring in part and in the result):
I agree with the majority that a remand is appropriate in this case. I would distinguish rather than overrule United States v. Fitten, 42 M.J. 179 (C.M.A.1995), however. In Fit-ten, the catheterization for a valid medical purpose under Military Rule of Evidence (M.R.E.) 312(f) was prolonged to obtain a second bottle of urine for disciplinary purposes. 42 M.J. at 180. Once the medical purpose under M.R.E. 312 was fulfilled, the non-probable cause warrantless search could be continued if it was otherwise reasonable under the Fourth Amendment. See M.R.E. 314(a); M.R.E. 314(k). The Court in Fitten concluded that the search was reasonable under the specific circumstances of the case. 42 M.J. at 182.
Although Fitten considered the de minimis nature of the intrusion a factor in its Fourth Amendment reasonableness analysis, it did not establish a general principle of law that all de minimis additional extractions are inherently reasonable. Fitten did not relieve the government of its burden under M.R.E. 311(e) to demonstrate reasonableness under the Fourth Amendment when a search, initiated under M.R.E. 312(f), extends beyond the point when the medical purpose has been fulfilled.
In the present case, the search extended beyond the period required to fulfill a medical purpose under M.R.E. 312(f). Therefore, even if the extension was de minimis, the evidence obtained during the extension could be admitted at trial only if the extended search was reasonable under the Fourth Amendment.
Here, the object of the law enforcement search was DNA, a matter not involving time sensitivity or other circumstances that might make it reasonable to extend the search beyond the purpose of M.R.E. 312(f) without a search authorization. There was no risk of rapid dissipation or loss of evidence. The law enforcement officials in the present ease could take whatever time was necessary to obtain a search authorization, and Appellant’s DNA would be the same as it was on the date of his visit to the hospital for the initial blood draw in this case. Under these circumstances, the extension of the search to draw the second vial was unreasonable, and the evidence derived from the search was inadmissible. Under other circumstances, a de minimis extension of an otherwise lawful intrusion might well be reasonable under the Fourth Amendment and the Military Rules of Evidence. M.R.E. 311; M.R.E. 314.